

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

GERALD C. MANN
~~XXXXXXXXXXXXX~~
ATTORNEY GENERAL

Honorable E. P. Jennings
County Auditor
Hardin County
Kountze, Texas

Dear Sir:

Opinion No. O-1217

Re: Taxation of Minerals severedbby
reservation.

We are in receipt of your letter of August 1, 1939, in which you request
the opinion of this department upon the following question:

> "In the case of where one party sells and conveys a tract of land,
> and the grantor reserves the minerals or a part of the minerals,
> shall the grantor be assessed for taxes the whole or part of such
> mineral rights reserved?"

In Lemar vs, Garner (Sup. Ct.,1932) 30 S. W. (2d) 769, it was stated:

> "The authoritative decisions of this State establish the following
> elementary rules, to-wit:

> "2. That a severance of minerals may be made by an exception or
> reservation in the deed conveying the land."

It is stated in Humble Oil & Refining Co. vs. State (T. C. A. 1928, writ
refused) 3 S. W. (2d) 559, that:

> "It is now a well recognized principle of law that, after the mineral
> estate has been severed by the owner from the land, same is subject
> to taxes, and the owner of the mineral estate is liable forgtaxes to
> the same extent that property owners are liable for any other tax."

The Texas Supreme Court speaking through Justice Greenwood in Hoger vs.
Stokes, (1927) 294 S. W. 835, stated:

> "Real estate is ordinarily taxed as a unit: yet, where there have
> been severances by conveyance, exception, or reservation, so that one
> portion of realty belongs to one person and other portions to others,
> each owner should pay taxes under proper assessment against him of the
> portion owned by him. The fact that a portion may consist of minerals,
> or of a fractional interest therein makes no difference, 1 . ."

Articles 7151 et seq. R. C. S. 1925, clearly contemplates that real estate shall be assessed for taxes against the owner as of January 1st in the year for which the property is required to be rendered or assessed.

It is our opinion that when a grantor sells and conveys a tract of land reserving the minerals or a fractional part of the minerals therein, such grantor should be assessed for taxes on the mineral interest owned or reserved by him.

Very truly yours

ATTORNEY GENERAL OF TEXAS

s/ Cecil C. Cammack


By
Cecil C. Cammack
Assistant

CCC:lw

APPROVED AUG. 11,1939
s/ GERALD C. MANN
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
BY R. W. F.
CHAIRMAN